### KEIST et al. v. CROSS.

No. 16497—Opinion Filed April 13, 1926.

Rehearing Denied June 22, 1926.

**1. Homestead — Mortgage Foreclosure — Lack of Defense.**

Where owners of homestead property create a mortgage lien thereon to secure payment of borrowed money, and suit is brought to foreclose the mortgage to collect the debt, proof of the homestead rights in the property presents no defense, and does not present a question of fact for a jury to determine.

**2. Bills and Notes—Lack of Defense—Consideration to Third Party.**

Where parties sign a promissory note for money borrowed, it is no defense to a suit upon the note that the money was procured for the benefit of a third party; nor that the party receiving the money had agreed with the makers of the note to assume and pay the obligation; nor that the makers of the note had placed money in the hands of such third party to discharge the obligation, unless it is further shown that the money was paid to the payee or holder of the note, or that such payee or holder had discharged the makers and looked to the third party for payment.

**3. Trial—Direction of Verdict for Plaintiff —Lack of Defense.**

Where a law case is tried to a jury, and there is no evidence offered by the defendants by way of defense which would reasonably tend to support a verdict for defendant, it is not error to direct a verdict for plaintiff.

**4. Judgment Sustained.**

Record examined; and held, to require that the judgment be affirmed.

(Syllabus by Shackelford, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Logan County; C. C. Smith, Judge.

Action by Byron Cross against N. B. Keist and James Newton Anderson, administrator of the estate of Maggie J. Keist, formerly Maggie J. Hubbartt, deceased. Judgment for plaintiff, and defendants appeal. Affirmed.

O. R. Fegan, for plaintiffs in error.

Edward Dewes Oldfield, for defendant in error.

Opinion by SHACKELFORD, C. The plaintiffs in error will be referred to herein as defendants, and the defendant in error as plaintiff, as the parties appeared in the court below.

The plaintiff commenced his action on March 27, 1924, in the district court of Logan county, for judgment upon a promissory note, and for foreclosure of a real estate mortgage given to secure the note. The mortgage and note are dated June 6, 1902. The note is for the principal sum of $500, drawing interest at 7 per cent., payable semi-annually, and falling due five years after date. The mortgage was given to secure payment of the note, on real estate described therein, being located in Logan county. Both instruments were signed by Maggie J. Keist and N. B. Keist. It appears from the mortgage that these parties are wife and husband, and that Maggie J. Keist was formerly Maggie J. Hubbartt. The petition contains the allegations common in foreclosure suits, and alleges that Maggie J. Keist had died intestate on the 29th of June, 1924, and

that James Newton Anderson is administrator of her estate. The petition seeks recovery of a personal judgment against N. B. Keist, and foreclosure of the mortgage in satisfaction of the indebtedness upon the note. It is alleged in the petition that Maggie J. Keist, one of the makers, through her duly authorized agent, Louis E. Anderson, kept the interest paid on the note until about the 1st of November, 1922. Copies of the note and mortgage, and an instrument made by Maggie J. Keist authorizing Louis E. Anderson to act as her agent, are all attached to the petition as exhibits thereto. After some preliminary matters not necessary to state here, defendants filed their verified joint answer and cross-petition; but afterwards filed an unverified amended answer and cross-petition on which the cause was tried. The answer admits the execution of the note and mortgage by Maggie J. Keist and N. B. Keist. The defensive matters presented are that plaintiff is not the owner of the instruments relied upon, and the action is not brought in the name of the real party in interest; that no right of action had accrued in plaintiff's favor upon the instrument within the last five years next before the suit was filed; and negative the authority of Louis E. Anderson to pay interest upon the note, and denies that any interest or other payment has been made upon the note since 1910. In the cross-petition it is alleged that the instruments were executed for the benefit of Louis E. Anderson, and that N. B. Keist and Maggie J. Keist did not get the money, but it was delivered to Anderson. It is alleged that an agreement was made by and between Mr. and Mrs. Keist on the one hand and Louis E. Anderson on the other, that Anderson should assume the obligation to plaintiff. It is further alleged that Mr. and Mrs. Keist paid over to Anderson sufficient money to discharge the obligation to plaintiff. It is alleged that the plaintiff and Louis E. Anderson conspired to use the mortgage relied upon by the plaintiff to extort money from the makers, to their damage and to the damage of the administrator of the estate of Maggie J. Keist. The prayer of the cross-petition is for a quittance so far as the note and mortgage relied upon are concerned, and for judgment against plaintiff and Louis E. Anderson for $250 damages, and for $150 attorney's fee.

The plaintiff replied to the amended answer and cross-petition by general denial. Thereafter plaintiff moved to strike the cross-petition as entirely insufficient to constitute a cause of action against plaintiff.

Louis E. Anderson, the defendant named in the cross-petition, moved to quash the summons issued against and served upon him. The motion to strike the cross-petition was sustained in so far as the defendant claimed damages against plaintiff. The motion to quash was sustained on the ground that Louis E. Anderson was not a necessary party in the determination of the issues between the plaintiff and defendants. The cause was tried to a jury on the 2nd of December, 1924. At the close of the evidence the court sustained plaintiff's motion for a directed verdict, and directed a verdict in plaintiff's favor for the unpaid balance upon the note; and entered a personal judgment against defendant N. B. Keist, and for foreclosure of the real estate mortgage.

The defendants appeal and present for reversal that the court erred in directing a verdict and entering a personal judgment in favor of the plaintiff and against defendant N. B. Keist, and in foreclosing the mortgage. It is not contended that the plaintiff had not made a case entitling him to judgment upon his announcement of rest. It seems that the only question to be determined is whether or not there is any evidence offered by defendants tending to establish defensive matters which should have gone to the jury for its determination.

The defendants had pleaded that plaintiff did not own the instrument relied upon, but no evidence seems to have been introduced upon this issue. Defendants pleaded and proved that the land involved was the homestead of N. B. Keist and Maggie J. Keist during the lifetime of the latter, and the homestead of N. B. Keist after the death of his wife; and it is urged that the judgment foreclosing the mortgage was erroneous for that reason, or, in any event, there was a question of fact for the jury. This contention cannot avail, since it is admitted that both N. B. Keist and Maggie J. Keist signed both the note and the mortgage. It seems to be entirely elementary that parties owning a homestead may create a lien thereon by the character of contract which these parties made with the plaintiff.

It was pleaded by defendants that Louis E. Anderson was not the agent of N. B. Keist and Maggie J. Keist, and he was not authorized by them or either of them to pay interest on the note sued on by plaintiff; but Louis E. Anderson was called as a witness by defendants in the trial of the case, and on direct examination testified that he was the agent of Maggie J. Keist and paid the interest for her. Thus it would appear that

defendants' contention, that payment of interest by an unauthorized person had been made, is untenable.

It was pleaded by defendants that money was turned over by them to Louis E. Anderson to pay off the mortgage debt; but nowhere does it appear in the evidence that the plaintiff knew of such an arrangement, nor does it appear that the mortgage debt was ever paid.

It is also contended that the money procured on the loan was for the benefit of Louis E. Anderson, and he had agreed to repay it; but Anderson did not sign the note, and it nowhere appears in the evidence that the plaintiff ever agreed to release N. B. Keist and Maggie J. Keist and look to Anderson for payment. It seems to be elementary that makers of instruments might make arrangements with a third party with reference to payment of the mortgage debt, but if the plaintiff was not a party to such arrangement he could not be bound by it. Even though N. B. Keist and Maggie J. Keist paid money to Anderson to discharge their obligation held by plaintiff, it was not sufficient to release them unless the money reached the hands of the plaintiff. The evidence offered fails utterly to show that the money ever was paid to the plaintiff.

The defendants complain that plaintiff had never paid the mortgage tax on the instrument relied upon; but it appears that the mortgage tax was paid, and the defendants' evidence tends to show that it was paid by the plaintiff's attorney.

We have carefully examined all the contentions made by the defendants, in connection with the record presented. It seems that no fact was testified to by any witness which would in any sense constitute a defense to the plaintiff's action. The contentions made tend to indicate some wrong-doing on the part of Louis E. Anderson, as between him and the Keists, but to what extent, if any, we are unable to determine, and concerning such contentions we express no opinion. The defendants did not prosecute an appeal as against Louis E. Anderson and the court here is not called upon to determine whether the trial court was right in determining that Louis E. Anderson was not properly brought into the action.

The judgment is affirmed.

By the Court: It is so ordered.

Note.—See under (1) 29 C. J. p. 910 § 310. (2) 8 C. J. p. 214 § 349; p. 741 § 1015.

(3) 38 Cyc. p. 1574; 26 R. C. L. 1073; 4 R. C. L. Supp. p. 1696.    (4) 4 C. J. p. 1129 § 3122.